UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  AARON LEE ADAMS, | : | Case No. 14-19903REF |
|           Debtor | : | Chapter 7 |

-------------------------------------------------------------------------

| | | |
|---|---|---|
| TINA GOMERSALL, | : | Adv. No. 18-68 |
|           Plaintiff | : | |
|           vs. | : | |
| AARON LEE ADAMS, | : | |
|           Defendant | : | |

# STATEMENT SUPPORTING ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

This adversary proceeding seeks my determination that Plaintiff's claim against Debtor/Defendant ("Debtor") is not dischargeable. Toward that end, I must consider Debtor's Motion To Dismiss Plaintiff's Amended Complaint (the "Motion To Dismiss"), the Objection thereto filed by Plaintiff, and the briefs filed by the parties:

1. On September 12, 2018, I entered an Order granting Debtor's Motion to Dismiss Count I.A. of the Amended Complaint with prejudice and granting the Motion To Dismiss Count I.B. without prejudice;

2. On September 14, 2018, upon my desire to give further consideration to Plaintiff's Amended Complaint, I vacated the September 12

decision because I wanted to take further opportunity to review my decision;

    3. My further review and consideration of the September 12 Order has resulted in my belief that my conclusions in the September 12 Order had been correct and I will once again grant the Motion To Dismiss;

    4. Plaintiff in Count I.A. (Collateral Estoppel) claims that a default judgment had been entered against Debtor in a state court proceeding[1] on September 1, 2017.

    5. Plaintiff in Count I.A. also claims that she is entitled to the benefit of collateral estoppel and that the state court default judgment against Debtor controls this litigation.

    6. Plaintiff in Count I.A. also claims that a state court order and judgment confirmed an arbitration award that had been entered by default[2] against Sol-Terra Solar Powered Systems, Inc. ("Sol-Terra").

    7. Plaintiff in Count I.A. also claims that she is entitled to the benefit of collateral estoppel and that the state court default decision against Sol-Terra controls this litigation.

---

[1]    Judgment by default had been entered on September 1, 2017, against Debtor in the Lebanon County court matter, Gomersall v. Sol-Terra Solar Powered Systems, Inc., No. 2016-01568.

[2]    A decision and an arbitration award in favor of Plaintiff and against Sol-Terra was entered by default on August 30, 2016, at No. 02-16-0000-7816. The arbitration award was confirmed by the Lebanon County court on October 20, 2016, at No. 2016-01568.

8. Default judgments are not entitled to collateral estoppel effect under Pennsylvania law. See Xerox Corp. v. Bentley, 920 F. Supp. 2d 578, 579, n.1 (E.D. Pa. 2013); Corcoran v. McCabe (In re McCabe), 559 B.R. 415, 426-27 (Bankr. E.D. Pa. 2016); Pognovich v. Bertolotti (In re Bertolotti), 470 B.R. 356, 361-62 (Bankr. W.D. Pa. 2012).

9. Plaintiff in Count I.B. of the Amended Complaint (Independent Finding of False Pretenses, False Representations and/or Actual Fraud) claims that piercing the corporate veil or the theory of participation establish liability and non-dischargeability against Debtor individually.

10. Plaintiff in Count I.B. of the Amended Complaint fails to allege facts sufficient to state a claim for relief on the basis of piercing the corporate veil, the theory of participation, and Section 523(a)(2)(A) of the Bankruptcy Code that is plausible on its face. See J.B. Hunt Transport, Inc. v. Liverpool Trucking Co., Inc., Civil Action No. 1:11-CV-1751, 2013 WL 3208586, at *3-4 (M.D. Pa. June 24, 2013); Essex Ins. Co. v. Miles, Civil Action No. 10-3598, 2010 WL 5069871, at *2-4 (E.D. Pa. Dec. 3, 2010); Partners Coffee Co., LLC v. Oceana Services & Products Co., 700 F. Supp.2d 720, 736 (W.D. Pa. 2010), see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

11. Although Plaintiff fails to allege sufficient facts to support her Count I.B. in her Amended Complaint, I will give her the opportunity to do so.[3]

On the basis of the above Statement, I will enter the Order filed concurrently herewith, granting the Motion To Dismiss with prejudice in part and without prejudice in part.

DATE: September 19, 2018

BY THE COURT

_____
RICHARD E. FEHLING
Chief U.S. Bankruptcy Judge

---

[3] I also note the general rule that a statute of limitations defense must be raised as an affirmative defense in the answer to the complaint. See Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir, 2002); Martin v. Ford Motor Co., 765 F. Supp. 2d 673, 686 (E.D. Pa. 2011). See also Fed. R. Civ. P. 8(c)(1), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7008. The Third Circuit recognizes an exception to this general rule and in rare occasions permits a limitations defense to be raised in a Rule 12(b)(6) motion. This is allowed only if it is clear on the face of the complaint that the claim is barred by the statute of limitations. Robinson, 313 F.3d at 134; Martin, 765 F. Supp. 2d at 686. Because it is not clear on the face of the Amended Complaint that Plaintiff's claims are time barred, I do not address the statute of limitations defense that Debtor raised in his brief.