UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  AARON LEE ADAMS and  :  Case No. 14-19903REF
DULCEA MARAE ADAMS,          :  Chapter 7
    Debtors                   :

---

TINA GOMERSALL,              :
    Plaintiff                 :
    v.                        :  Adv. No. 18-68
AARON LEE ADAMS,             :
    Defendant                 :

# STATEMENT IN SUPPORT OF ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

Plaintiff, Tina Gomersall, contracted with Sol Terra Solar Powered Systems, Inc. ("Sol Terra"),[1] in early 2013, to install a metal roof system manufactured by Conklin Company, Inc. ("Conklin") on Plaintiff's home. Defendant/Debtor, Aaron Lee Adams, was the president and sole shareholder of Sol Terra at all times relevant to this dispute. Sol Terra completed installation of the roof on Plaintiff's home in April 2013.

---

[1]    Sol Terra is now defunct.

1

In October 2015, Plaintiff discovered that the roof installed by Sol Terra was leaking. She attempted to contact Debtor and Sol Terra, but was unable to reach them because Sol Terra had gone out of business. She spoke with a representative of Conklin who advised her that the Conklin metal roof installed on her home was not intended for residential use. The representative also told Plaintiff that Debtor was no longer a Conklin authorized "Master Contractor."

The controlling questions presently before me are whether Plaintiff has pled sufficient facts and has raised sufficient legal support to proceed against Debtor individually to establish his personal liability for damages allegedly suffered at the hand of Sol Terra. She has also demanded that he not be discharged from the debt she claims he owes to her pursuant to 11 U.S.C. §523(a)(2)(A), but that is not yet an issue for me to consider.

## II. PROCEDURAL HISTORY

### A.    REOPENING THE BANKRUPTCY

On December 18, 2014, Debtor and his wife filed this Chapter 7 bankruptcy petition. They did not list Plaintiff as a creditor because they were unaware when they filed the petition that Plaintiff had a potential claim against Debtor. Debtor and his wife received their chapter 7 discharge on April 2, 2015.

Because Plaintiff did not discover the roof leaks and did not contact Debtor about them until after Debtor and his wife filed their chapter 7 petition and received their chapter 7 discharge, Debtor and his wife had not listed Plaintiff as a creditor on their bankruptcy schedules. On January 25, 2017, after he learned about Plaintiff's leaking roof, Debtor filed two motions in the main bankruptcy case – (1) to reopen his bankruptcy case to add Plaintiff as a creditor and (2) to stay the state court action. Debtor requested expedited consideration of Debtor's motions. I conducted a conference call on both requests for expedited hearing on that same day. I advised counsel that I would schedule an expedited hearing on the motion to reopen (and I entered an order doing so on the same day). But I told the parties that I would not schedule an expedited hearing on the motion to stay state court action, which was neither scheduled nor acted upon. The next day, January 26, 2017, I held the expedited hearing on Debtor's motion to reopen the bankruptcy case and I entered an order that day granting the motion. On April 10, 2017, Debtor filed an Amended Schedule F which added Plaintiff as a creditor. Debtor initially failed to file an amended matrix listing Plaintiff as a creditor. The main bankruptcy case was then re-closed on April 24, 2017.

On January 18, 2018, Debtor filed a second motion to reopen his bankruptcy case to amend the matrix to add Plaintiff as a creditor and to establish a deadline for Plaintiff to file a dischargeability complaint. I granted this motion on

February 9, 2018. On February 13, 2018, Debtor filed an Amended Schedule F and an Amended Matrix to add Plaintiff as a creditor.

## B.    THE ADVERSARY PROCEEDING

On March 28, 2018, Plaintiff filed her complaint against Debtor asking for denial of the discharge of the debt allegedly owed to her by Debtor.[2] Debtor moved to dismiss the complaint. After the parties briefed the issues, I dismissed count I on May 31, 2018, and I dismissed count II on June 26, 2018. I gave Plaintiff leave to file an amended complaint, which Plaintiff filed on July 5, 2018. Debtor moved to dismiss Plaintiff's amended complaint on July 27, 2018.

On September 12, 2018, I granted Debtor's motion to dismiss count I.A. of the amended complaint with prejudice, I granted Debtor's motion to dismiss count I.B. without prejudice, and I gave Plaintiff 30 days to file a second amended complaint. On September 19, 2018, I vacated the September 12 Order and filed a new Order on September 19, 2018, in which I granted: (1) Debtor's motion to dismiss count I.A. of Plaintiff's amended complaint with prejudice; (2) Debtor's motion to dismiss count I.B. of Plaintiff's amended complaint without prejudice;

---

[2]    Plaintiff spelled out the harm that befell her home in a curious pleading of separate counts within unrelated counts that made describing her allegations difficult.

4

and (3) Plaintiff leave to file a second amended complaint with respect to the cause of action alleged in count I.B.

On September 28, 2018, Plaintiff filed her motion for me to reconsider my September 19, 2018 Order. Argument and briefing on Plaintiff's motion for reconsideration were completed by the end of December, 2018, and Plaintiff's motion for reconsideration is now ripe for disposition.

## III. **DISCUSSION**

Plaintiff's two-count amended complaint requests that I determine that the debt is nondischargeable.

Count I.A. of Plaintiff's amended complaint, captioned Collateral Estoppel, contained two bases for its requests for relief. First, it requested that I give collateral estoppel effect to an arbitration award entered against Sol Terra and confirmed by the Lebanon County Court of Common Pleas (the "state court"). Second, count I.A. requested that I give collateral estoppel effect to a default judgment entered against Debtor by the state court.

Count I.B. of Plaintiff's amended complaint was captioned Independent Finding of False Pretenses, False Representations and/or [sic] Actual Fraud. It requested that I find Debtor personally liable for the debt owed to

5

Plaintiff by Sol Terra based on two alternative theories: (1) Piercing the Sol Terra corporate veil or (2) participation theory. Count I.B. also requested that the debt in question be found nondischargeable under section 523(a)(2)(A).

On September 19, 2018, I entered an Order granting Debtor's motion to dismiss the amended complaint. I dismissed count I.A. with prejudice once again finding that both the arbitration award entered against Sol Terra and the state court judgment entered against Debtor individually were default judgments that are not entitled to collateral estoppel effect under Pennsylvania law. I also dismissed count I.B. without prejudice and granted Plaintiff leave to amend.

Plaintiff now requests that I reconsider the part of my September 19, 2018 Order that dismissed with prejudice the portion of count I.A. that sought to give collateral estoppel effect to the Sol Terra judgment. Plaintiff now argues that the arbitrator's decision was on the merits and was not based on Sol Terra's default.[3]

---

[3] Plaintiff's motion for reconsideration does not request reconsideration of the portion of my dismissal with prejudice of the part of count I.A. of her amended complaint that sought to give collateral estoppel effect to the default judgment entered by the state court against Debtor. This judgment was clearly a default judgment and as such, is not entitled to collateral estoppel effect. See Xerox Corp. v. Bentley, 920 F. Supp. 2d 578, 579, n.1 (E.D. Pa. 2013); Corcoran v. McCabe (In re McCabe), 559 B.R. 415, 426-27 (Bankr. E.D. Pa. 2016); Pogonovich v. Bertolotti (In re Bertolotti), 470 B.R. 356, 361-62 (Bankr. W.D. Pa. 2012).

# A. <u>ARBITRATION AWARD, COLLATERAL ESTOPPEL, AND PIERCING THE CORPORATE VEIL</u>

On April 4, 2016, Plaintiff filed a demand for arbitration and complaint against Sol Terra, Conklin, and Debtor to address her damaged roof. On May 31, 2016, the AAA preliminarily determined that the claims asserted against Conklin were not subject to its jurisdiction because Conklin was not a party to the contract.[4]

An arbitrator was appointed and a preliminary hearing was held on June 28, 2016. Neither Sol Terra nor Debtor appeared at the preliminary hearing. To keep her costs to a minimum, Plaintiff waived her right to an oral hearing and agreed that the matter could be decided by the arbitrator based upon written submissions. On August 30, 2016, a binding arbitration award was rendered in favor of Plaintiff and against Sol Terra in the total amount of $75,364.45, which was composed of $23,581.45 in actual damages $47,762.91, in treble damages under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PA UTPCPL"), and $4,620 in attorneys' fees under the PA UTPCPL. The arbitrator

---

[4] Paragraph 7 of the contract between Plaintiff and Sol Terra provides that all disputes arising out of the contract shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. <u>See</u> contract between Sol Terra and Plaintiff, ¶7, attached to Plaintiff's amended complaint as Exhibit 1.

7

also required that Sol Terra reimburse Plaintiff $825, which represented one-half of the $750 AAA filing fee and one-half of the $900 arbitrator compensation fee.

In addition, the arbitrator dismissed Plaintiff's action against Debtor, individually, finding: "[Debtor] is not a party to the contract or the arbitration clause referred to above and the arbitrator did not find credible verified evidence to pierce the corporate veil presented." Amended complaint, Exhibit 3 (August 30, 2016 Award of Arbitrator, at p. 1).

On October 14, 2016, Plaintiff filed an action in state court against: (1) Sol Terra to confirm the arbitration award; (2) Debtor individually, based on piercing the corporate veil; and (3) Conklin, based upon an apparent agency theory.[5] On October 20, 2016, the state court confirmed the arbitration award against Sol Terra by entry of an order and judgment against Sol Terra in the total amount of $76,189.35. On July 14, 2017, Plaintiff filed a second amended complaint against Debtor in the state court.[6] Debtor did not respond to the second amended complaint. On September 1, 2017, default judgment was entered by the state court against Debtor on Plaintiff's second amended complaint.[7]

---

[5]  The record does not explain how Plaintiff's state court action against Conklin was resolved.
[6]  The record also does not explain why first and second amended complaints against Debtor were necessary in the state court action.
[7]  In my September 19, 2018 Order, I found that the state court default judgment entered against Debtor individually was not entitled to collateral estoppel because it was a default judgment. Plaintiff did not contest this portion of my September 19, 2018 Order in her motion for reconsideration or otherwise. Therefore, the portion of my September 19, 2018 Order that dismissed with prejudice the part of count

In the brief she filed with her motion for reconsideration, Plaintiff raises an argument and cites case law to support her position that she failed to raise or cite at any prior stage of this adversary proceeding. I have reviewed the newly raised argument and case law in Plaintiff's brief, Debtor's brief in opposition, and Plaintiff's reply brief. I now understand what Plaintiff had been arguing. I agree that the arbitrator's decision was on the merits and not based on default. I will therefore vacate my decision dismissing with prejudice the portion of count I.A. of Plaintiff's amended complaint that attributed collateral estoppel effect to the Sol Terra judgment. This portion of the amended complaint stands.

I agree with Debtor, however, that application of Plaintiff's new argument and case law requires that I give collateral estoppel effect to the portion of the arbitrator's decision that refused to pierce the Sol Terra corporate veil. I will vacate the portion of my decision that dismissed without prejudice the part of count I.B. of the amended complaint that sought to hold Debtor personally liable for the Sol Terra judgment based on piercing the corporate veil. I will therefore dismiss with prejudice that portion of count I.B. based upon piercing the corporate veil.

---

I.A. of Plaintiff's amended complaint, which sought to apply collateral estoppel to the default judgment against Debtor individually remains in full force and effect. See Bentley, 920 F. Supp. 2d at 579, n.1; McCabe, 559 B.R. at 426-27; Bertolotti, 470 B.R. at 361-62.

Plaintiff is correct that, as her newly cited cases instruct, the arbitrator's decision was on the merits and not based on default. See GGIS Ins. Servs., Inc. v. Lincoln Gen. Ins. Co., Civil Action No. 1:10-CV-1000, 2012 WL 1164994, at *8 (M.D. Pa. April 9, 2012); Cruz v. Powers, 2003 Phila Ct. Com. Pl. LEXIS 94, at *4-5 (Phila. Ct. Com. Pl. Feb. 28, 2003), aff'd, 890 A.2d 1109 (Pa. Super. 2005). Plaintiff is also correct that the arbitrator's decision is therefore entitled to collateral estoppel effect under Pennsylvania law. Corcoran v. McCabe (In re McCabe), 543 B.R, 182, 189 (Bankr. E.D. Pa. 2015); Viener v. Jacobs (In re Jacobs), 381 B.R. 128, 142-43 (Bankr. E.D. Pa. 2008).

As Plaintiff contends, the arbitrator's finding that Sol Terra breached its contract with Plaintiff, breached express and implied warranties, committed fraudulent misrepresentation, and violated the PA UTPCPL may be entitled to collateral estoppel in this adversary proceeding.[8] What Plaintiff overlooks,

---

[8] This does not mean, however, that Debtor is precluded by collateral estoppel from litigating whether the debt allegedly owed to Plaintiff is dischargeable under section 523(a)(2)(A). Resolution of that question is not yet before me and depends on whether the issues decided by the arbitrator are identical to the issues that will be before me under section 523(a)(2)(A) in this adversary proceeding. Upon the presentation of the evidence, I will analyze the factual findings of the arbitrator and the elements of the causes of action that were before him in comparison to analyzing the elements of the section 523(a)(2)(A) action alleged by Plaintiff. Because it is premature to do so, the parties' briefs fail to engage in even a superficial analysis and comparison of these elements. The only decision I make today is that the arbitrator's decision was on the merits, as opposed to being based on default, and that it may be entitled to collateral estoppel in this adversary proceeding. I do not find, and I cannot find on the record in this motion for reconsideration, that the issues decided by the arbitrator were identical to the issues that will be before me in this section 523(a)(2)(A) proceeding. Whether Debtor is precluded by collateral estoppel from litigating whether the debt allegedly owed to Plaintiff is dischargeable under section 523(a)(2)(A) is not before me yet and cannot be resolved in the context of Plaintiff's motion for reconsideration of my dismissal of Plaintiff's amended complaint.

however, is the impact of the arbitrator's decision on the part of count I.B. of the amended complaint that sought to hold Debtor personally liable for the debt owed to her by Sol Terra based on piercing the corporate veil. Plaintiff failed to discuss the arbitrator's dismissal of her corporate veil action against Debtor, individually. The arbitrator decided that "[Debtor] is not a party to the contract or the arbitration clause referred to above and the arbitrator did not find credible verified evidence to pierce the corporate veil presented." See August 30, 2016 Award of Arbitrator, at p. 1, (attached to amended complaint as Exhibit 3). As the new cases cited by Plaintiff instruct, these findings are entitled to collateral estoppel effect in this action. I therefore reconsider my September 19, 2018 Order and dismiss with prejudice the portion of count I.B. of Plaintiff's amended complaint that seeks to hold Debtor personally liable for the debt owed to her by Sol Terra based on piercing the corporate veil.

    Plaintiff argues that the arbitrator's decision was a decision on the merits, and not a decision based on default, and is therefore entitled to collateral estoppel effect. I agree. Plaintiff points to AAA Commercial Arbitration Rule 5(a), which provides that if "no answering statement is filed [to the complaint] within the stated time, the respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration." Neither Sol Terra nor Debtor filed an answering statement to Plaintiff's arbitration complaint and

11

neither appeared in the arbitration proceeding. The allegations in Plaintiff's arbitration complaint were therefore deemed denied under Rule 5(a). The arbitration proceeded with Plaintiff presenting evidence and documents to prove her claim through written submissions. The arbitrator considered these submissions as well as a memorandum of law submitted by Plaintiff and entered his decision on August 30, 2016. His decision specifically recites that it was rendered after "having fully reviewed and considered the written documents submitted to me by Plaintiff" and that the decision was "supported by evidence presented by [Plaintiff]." See August 30, 2016 Award of Arbitrator, at p.1, attached to Plaintiff's amended complaint as Exhibit 3. Plaintiff cites the following cases, which she had not previously submitted, to defend against dismissal: GGIS Ins. Servs., 2012 WL 1164994, at *8, and Cruz, 2003 Phila Ct. Com. Pl. LEXIS 94, at *4-5.

Having reviewed these cases, Plaintiff's entire brief, Debtor's brief, and Plaintiff's reply brief, I agree with Plaintiff that the arbitrator's August 30, 2016 decision was on the merits, and not based on default. AAA Commercial Arbitration Rule 5(a) dictates that Sol Terra and Debtor were deemed to deny the allegations contained in Plaintiff's arbitration complaint when they failed to file an answering statement. Plaintiff was then required to prove all elements of her cause of action to the arbitrator by written submissions to prevail in the arbitration proceeding. The arbitrator considered Plaintiff's submissions and ruled in her favor

12

and against Sol Terra on the merits. He also ruled against Plaintiff and in favor of Debtor on the merits of her complaint. The arbitration decision was therefore not a decision based on default, but was a decision on the merits, GGIS Ins. Servs., 2012 WL 1164994, at *8, and Cruz, 2003 Phila Ct. Com. Pl. LEXIS 94, at *4-5, and it may be entitled to collateral estoppel effect in this adversary proceeding. McCabe, 543 B.R. at 189; Jacobs, 381 B.R. at 142-43.

The arbitrator's decision that Sol Terra breached its contract with Plaintiff, breached express and implied warranties, committed fraudulent misrepresentation, and violated the PA UTPCPL may be entitled to collateral estoppel in this adversary proceeding. I will therefore reconsider that portion of my September 19, 2018 Order that dismissed with prejudice count I.A. of the amended complaint insofar as it sought to give collateral estoppel effect to the Sol Terra judgment. I will enter an Order reconsidering and denying that part of Debtor's motion to dismiss count I.A. of the amended complaint.

Plaintiff overlooks, as stated above, the portion of the arbitrator's decision that found insufficient credible evidence to pierce the corporate veil. This finding is also entitled to collateral estoppel effect. The arbitrator found in his August 30, 2016 arbitration decision that "[Debtor] is not a party to the contract or the arbitration clause referred to above and the arbitrator did not find credible verified evidence to pierce the corporate veil presented." August 30, 2016 Award

13

of Arbitrator, at p. 1, attached to amended complaint as Exhibit 3. This portion of the arbitrator's decision was on the merits regarding whether Debtor should be held personally liable for the debt owed by Sol Terra based on piercing the corporate veil. The arbitrator decided that the corporate veil should not be pierced. This is the identical issue that is before me in count I.B. of the amended complaint that seeks to impose personal liability on Debtor for the Sol Terra debt based on piercing the corporate veil. The arbitrator's decision refusing to pierce the corporate veil is therefore entitled to collateral estoppel effect in this adversary proceeding. McCabe, 543 B.R. at 189; Jacobs, 381 B.R. at 142-43.

  Plaintiff is therefore precluded from relitigating whether Debtor is personally liable to Plaintiff for the debt owed to her by Sol Terra based on piercing the corporate veil. I therefore reconsider my September 19, 2018 Order insofar as it granted Debtor's motion to dismiss without prejudice the part of count I.B. that sought to hold Debtor personally liable for the debt owed to her by Sol Terra based on piercing the corporate veil. Plaintiff is precluded from pursuing this theory because the arbitrator's finding that the Sol Terra corporate veil should not be pierced is entitled to collateral estoppel. I will therefore dismiss with prejudice the portion of count I.B. of the amended complaint that seeks to hold Debtor personally liable for the debt owed to Plaintiff by Sol Terra based on piercing the corporate veil.

## B. <u>PARTICIPATION THEORY AND NONDISCHARGEABILITY OF DEBT</u>

This leaves the part of Count I.B. of Plaintiff's amended complaint that seeks (1) to hold Debtor personally liable for the debt owed to Plaintiff by Sol Terra based on the participation theory and (2) an independent finding of nondischargeability of this debt under section 523(a)(2)(A). This part of my September 19, 2018 Order dismissed this portion of count I.B. without prejudice and gave Plaintiff leave to amend this portion of her amended complaint. My September 19, 2018 Order remains in full force and effect and is unaffected by my granting Plaintiff's motion for reconsideration. I will provide Plaintiff with a new thirty day period to amend that portion of Count I.B. of her amended complaint.

Finally, I note that while Plaintiff's motion for reconsideration will be granted, the practical effect of my ruling today does not constitute success for Plaintiff on the merits of whether the alleged debt is nondischargeable. The arbitrator's August 30, 2016 finding that Sol Terra breached its contract with Plaintiff, breached express and implied warranties, committed fraudulent misrepresentation, and violated the PA UTPCPL might be entitled to collateral estoppel. This does not mandate that Plaintiff will prevail on the merits of her section 523(a)(2)(A) dischargeability action.

First, Plaintiff must establish the existence of a debt. The contract at issue was between Sol Terra and Plaintiff. Debtor can be found personally liable for a debt to Plaintiff only if Plaintiff can establish liability through the participation theory that she is advancing. She may not pursue liability based on piercing the corporate veil because that portion of count I.B. of her amended complaint is dismissed with prejudice due to the collateral estoppel effect of the arbitrator's decision that the corporate veil should not be pierced.

Assuming that Plaintiff establishes that Debtor is personally liable to her for the Sol Terra debt base on participation theory, she must then establish that the debt is nondischargeable under section 523(a)(2)(A). She can attempt to do this in one of two ways. She can argue that the Sol Terra judgment is entitled to collateral estoppel effect.[9] Alternatively, if the Sol Terra judgement is not collateral estoppel against Debtor because the issues before the arbitrator were not identical to those that will be before me under section 523(a)(2)(A). Plaintiff must establish

---

[9] As suggested above, the arbitrator's finding that Sol Terra breached its contract with Plaintiff, breached express and implied warranties, committed fraudulent misrepresentation, and violated the PA UTPCPL may or may not be entitled to collateral estoppel effect against Debtor. That does not mean that Debtor is estopped from litigating whether the debt is dischargeable under section 523(a)(2)(A). Resolution of that question is not before me at this time and depends on whether the issues decided by the arbitrator are identical to the issues that will be before me under section 523(a)(2)(A). As stated above, this will require in-depth analysis of the factual findings and legal conclusions of the arbitrator and the elements of the causes of action that were before him. Those facts and legal conclusions will be weighed in an in-depth analysis of the elements of section 523(a)(2)(A). This question is not before me at this time and cannot be resolved in the context of the pending motion for reconsideration.

that the debt was obtained by "false pretenses, a false representation, or actual fraud," 11 U.S.C. §523(a)(2)(A).[10]

## IV. <u>CONCLUSION</u>

For the reasons stated above, I will grant Plaintiff's motion for reconsideration and enter the accompanying Order: (1) Denying Debtor's motion to dismiss the portion of count I.A. that gives collateral estoppel effect to the Sol Terra judgment; (2) granting Debtor's motion to dismiss with prejudice the portion of count I.B. that seeks to hold Debtor personally liable for the debt owed to Plaintiff by Sol Terra based on piercing the corporate veil; and (3) granting Plaintiff thirty days to amend her amended complaint in accord with this Statement and Order.

An appropriate Order follows.

BY THE COURT

Date: April 24, 2019

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

---

[10] Plaintiff refers to this approach in the caption of count I.B. of the amended complaint as "Independent Finding of False Pretenses, False Representation and/or [sic] Actual Fraud."

17